CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 20 2006

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| BENJAMIN A. LUCCIOLA,<br>    Petitioner, | Civil Action No. 7:06-cv-00432 |
| v. | **MEMORANDUM OPINION** |
| COMMONWEALTH OF VIRGINIA,<br>et al.,<br>    Respondent. | By: Hon. James C. Turk<br>Senior United States District Judge |

Petitioner Benjamin A. Lucciola, a Virginia inmate proceeding pro se, brings this action as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241.[1] Lucciola complains that he was wrongfully seized in Cambodia and transported to Thailand and then to Virginia, that errors occurred during proceedings to revoke his parole from a 1982 Virginia offense, and that his term of confinement in Virginia has been miscalculated. As relief in this action, he seeks his release from custody and monetary damages for pain and suffering and wrongful arrest and imprisonment. Upon review of the record, the court concludes that the petition must be dismissed without prejudice, as none of Lucciola's allegations state claims actionable under § 2241.

Lucciola alleges the following relevant facts. On February 24, 2006, the FBI engaged immigration officials from Thailand to cross the border into Cambodia and illegally apprehend Lucciola, an American citizen, on a passport and flight charge that was later dismissed. The Thai police then held Lucciola in jail for the FBI for ten days before federal officials transported him to Virginia. Once back in Virginia, Lucciola stood trial on charges that he had violated his parole. Lucciola claims that he had gone to Thailand in 1998 to care for his sick son, who was living there with his mother, and that because parole officials knew where he was, he had not absconded as charged. The Virginia Parole Board found otherwise and revoked his parole; then, based on the nature of his original offense, the Board sentenced him to "more [prison] time than the original sentence of 6 years called for." Finally, Lucciola alleges that he did not receive

---

[1] Lucciola names three respondents to his petition: the Commonwealth of Virginia, the United States, and the FBI.

1

credit against his Virginia sentence for a six-month period in 1992 when federal officials in Miami, Florida, arrested and detained him on a charge of passport fraud.

A petition under § 2241 is the proper method for an inmate to challenge federal detention for the purpose of international extradition. See Tasio v. Reno, 204 F.3d 544, 547 (4th Cir. 2000). Lucciola, however, is not currently detained for purposes of international extradition. He is detained pursuant to a judgment by the Virginia Parole Board that his parole should be revoked.[2] Any challenge to the fact or duration of custody under the judgment of a state court is governed directly by 28 U.S.C. § 2254. A state inmate may use § 2254 to challenge the revocation of his parole and his subsequent re-incarceration or to challenge the calculation of the term of his confinement. Preiser v. Rodriguez, 411 U.S. 475, 486 (1973). Under these principles, all of Lucciola's claims concerning the length of the term of confinement he is currently serving are appropriately brought under § 2254 and not § 2241. Moreover, before Lucciola can bring claims challenging his term of confinement under either of these habeas statutes, he must first exhaust available state court remedies. Id. at 498; Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 489-90 (1973). His current petition does not indicate that he has sought state court review as to any of his claims. Therefore, the court must dismiss his habeas claims without prejudice to allow him to pursue state court remedies. Slayton v. Smith, 404 U.S. 53 (1971).

The court must also dismiss Lucciola's claims for monetary damages. A habeas corpus action is not the appropriate federal remedy by which to seek monetary damages. Preiser, 411 U.S. at 494. Allegations that authorities forcibly removed petitioner from one jurisdiction and transported him to another jurisdiction, without benefit of extradition proceedings, state a civil claim for nominal or other monetary damages that may be actionable under 42 U.S.C. § 1983 (against state officials) or Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971) (against federal officials). Wirth, 562 F.2d at 323. Lucciola has not filed

---

[2]The court notes that proof of an extradition violation does not provide any defense to a criminal prosecution once petitioner arrives in the second jurisdiction. Wirth v. Surles, 562 F.2d 319, 323 (4th Cir. 1977).

2

his current claims as a civil rights action, however, and has not named individual officials as defendants. Moreover, the individuals involved in removing Lucciola from Cambodia and transporting him to Virginia may well be residents of other jurisdictions who would not even be subject to suit in this district. Therefore, the court will not construe his current habeas petition as a civil rights action, but will instead dismiss the entire petition without prejudice because it fails to state any actionable claim under § 2241, the statute that Lucciola has invoked. An appropriate order shall be issued this day.

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to petitioner and to counsel of record for the respondent.

ENTER: This 20th day of July, 2006.

/s/ James C. Turk
Senior United States District Judge